

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Queen Arbuckle, Secretary
State Board of Hairdressers & Cosmetologists
Austin, Texas

Dear Madam:

Opinion No. O-1371
Re: Under the circumstances
set forth, should the
Board issue a shop license
for the fiscal year 1939
for the additional remit-
tance made by the owner in
1938?

Your request for an opinion on the above stated question has been received by this department.

Your letter reads, in part, as follows:

"Miss Esta Latham of Woodson, Texas, at the end of the 1938 fiscal year remitted five dollars for a shop license. She was issued license numbered 3363. In September of 1938 we through an error requested an additional five dollars, and in so doing issued another shop license for that particular shop numbered 3539. The ten dollars was deposited in the General Fund of the State.

"Miss Latham does not request a refund, but asks that we issue a shop license for the fiscal year of 1939 for the additional remittance she made in 1938. May we do this?"

Section 18a of Article 734b of the Penal Code reads, in part, as follows:

"The annual license fee for conducting a beauty parlor shall be the

sum of five dollars ($5.00), provided, however, that in event any beauty parlor is conducted and operated by one (1) person only, then and in that event no fee shall be charged for conducting such beauty parlor, but the operator thereof shall be liable for Three Dollars ($3.00) annual registration fee hereinafter provided, and the annual license fee for operators to work at the trade or practice of beauty culture shall be the sum of Three Dollars ($3.00) and the annual registration fee for manicurists shall be Two Dollars and Fifty Cents ($2.50), and the annual registration fee for an instructor shall be Ten Dollars ($10.00), and the annual registration fee to conduct a beauty school shall be One Hundred Dollars ($100.00).

"It is intended by this Act to levy and collect from the operator of any beauty parlor conducted and operated by one (1) person only, no tax or fee for examination charge in excess of the Three Dollars ($3.00) fee hereinbefore provided, any other section of this Act to the contrary notwithstanding."

Section 6 of Article VIII of the State Constitution provides:

"No money shall be drawn from the Treasurer but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years * * *"

The case of Manion vs. Lockhart, 114 S.W. (2d) 216, among other things holds in effect that a judgment creditor who is entitled to payment of money erroneously placed in the General Revenue Fund by the State Treasurer is not entitled to a writ of mandamus compelling payment thereof by such officer to the judgment creditor.

You are respectfully advised that it is the opinion of this department that the State Board of Hairdressers & Cosmetologists cannot refund the money collected through

Queen Arbuckle, Page 3

an error which has been deposited in the General Revenue
Fund of the State, nor issue a shop license for the fiscal
year of 1939 for the additional remittance erroneously col-
lected, after such fee has been placed in the General Reve-
nue Fund of the State.

Trusting that the foregoing fully answers your
inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
(s)                          Ardell Williams
                                  Assistant

AW:FG

APPROVED:  September 19, 1939

Gerald C. Mann   (s)
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN